The next case, number 211363, Rosa-Lopez-Hernandez v. Terumo Puerto Rico LLC. Attorney for the appellant can introduce himself on the record to begin. Yes, my name is Juan Manuel Fronterazoa. I represent Abilene Rosa-Lopez. I will ask for two minutes for rebuttal. Yes, you may. March 8th is an important date with respect to the appellant's claim. On that date, it is unchallenged and uncontroverted fact of this case that she went into the Human Resources Office of Terumo and filed a complaint against her direct supervisor for two reasons. One, for failing to promote her because of her sex, and two, because of discriminatory remarks made to her during a performance evaluation meeting with her direct supervisor, Mr. Benitez. With respect to the first, there is no controversy in this case than when she met, when the appellant met with Ms. Perez, that is the Human Resources Office on March 8th, she told her that Benitez, her direct supervisor, had told her that he had posted the position for the one she applied and that he had posted it specifically to hire Mr. Falcón. That is at page 527 of the appendix. That Benitez had told her that I am not going to give you that position. That is at page 527 also. And that Ms. Lopez told Ms. Perez on that date that Benitez had told her, I don't like the way you are at page 528. With respect to the discriminatory remarks, Ms. Lopez told Perez on that meeting on March 8th that on February 20th she had been summoned by Benitez to discourse her performance evaluation. Now, timing is specific and very, very important in this case. The conversation that appellant had with Mr. Benitez with respect to the position, the senior production position, was at the beginning of February. The performance evaluation meeting was on February 20th. They had a conversation. They had a difference with respect to the performance evaluation on that meeting, and they set another meeting for the next day, February 21st. On that day, my client told Ms. Perez on the March 8th meeting that Mr. Benitez told specifically, or it is my client's condition that Benitez told her specifically, I treat you like this because I am not used to dealing with women. I'm used to dealing with men. That was said on February 21st. Let me, because these are the merits of your claim, but let me first go. There is an issue here regarding, this is a summary judgment case, and the District of Puerto Rico has its local rule 56, as do all districts. And I looked at the record, and the defendant, appellee now, seems to have complied with the local rule. But on the other hand, your client does not comply to the local rule. There's a counter statement and everything, but it's not compliant with the rule. So if we're looking at this case now on the NOVA on summary judgment stage, what do you have to say about that? And also I want to point out to your briefer, you might want to explain, because you don't cite to the local rule of compliance with or not, but you're citing summary judgment standard from the Massachusetts State Court, like page 15, 16 of your brief, which is inapplicable to this court or to the district court. Yes, Your Honor. With respect to that, the opinion, although this district, this circuit, is reviewing the summary judgment, the NOVA, the district court did not make any findings in the opinion and order that plaintiff failed to comply with the local rules. And that was not an issue with the opinion and order of the court. Okay? With respect to that, Your Honor. We have an obligation. I understand. I understand. And again, I myself have looked at the transcript, and it's, you know, it is local rule is supposed to make things for the district court, for the appeals court, easy to review, not place the burden on the court. And when I start looking at these, the appellee's is easy to follow, but yours is, I have to say, almost impossible to follow. So that's a concern I have. How do you want us to review this NOVA? We just can't rubber stamp or reverse the district, Judge. Your Honor, with respect to that, it is our contention that we specifically cite to these specific issues, to the appendix, to the record, with respect to the fact that we believe the opinion and order of the court is with respect to the issues of stray remarks, the issues of But you're citing that in the appellate brief. Yes, Your Honor. But my question is, you still have, nonetheless, the brief is not sufficient. We have to do an analysis under local rule 56 on appeals. And it is our understanding that we comply with local rule 56, Your Honor, citing the opposition to summary judgment to these specific records with respect to the specific controversies as to these central issues of the case, Your Honor. On those central issues, how do you, as I gleaned from the record, which wasn't easy to follow, there were pre-existing, numerous pre-existing, and by pre-existing I mean prior to February of 2017, complaints about your client and her interpersonal skills or alleged lack of them and management style and the like. And there was on a separate track an investigation going on by the HR Department that did not include Benitez. And that led to your client's failure to promote and termination. Well, Your Honor, with respect to that, those are from 2016, from the year 2016, and no disciplinary measure was taken against my client before March 8th. They were investigated. Well, that's the allegation of the company, that they were investigated. But there's actual documents that show they were investigated. Well, with respect, there were documents that they were investigating after March, Your Honor. But with respect to prior, in fact, her performance evaluation for the year 2016 would meet expectations. If my client was having trouble with her performance or trouble with other employees, she would not have been given and meet expectations in her performance evaluation. And no disciplinary measure was taken before she brought this complaint on March 8th. Disciplinary measures were being taken on April the 4th and afterwards, Your Honor. After four events that happened prior to March 8th when she filed her internal complaint. So it is our position that a reasonable jury can find on this record, Your Honor, that those disciplinary measures were taken because she filed a complaint against Benitez on that date, Your Honor. With respect to the specific comment made by Benitez, contrary to what the district court found that it was a stray remark, we posed to the court that it was said the day before Benitez signs as hiring manager, Mr. Falcone, for the position she was requesting to be filled. Thank you. At this time, would counsel for the appellee please introduce herself on the record to begin? Good morning. For the record, Mariana Muñiz Lara, in representation of the Puerto Rico LLC. May I please report? Yes. And you're not required to take off your mask, but you're welcome to if you'd like to. Thank you. And counsel, let me ask you, so that way I don't interrupt you. I asked counsel some questions pertaining to Local Rule 56. I reviewed your Local Rule 56 pleadings below, and they are, according to the rule, step-by-step all the way. But when I look at the opinion granting summary judgment, there is no Local Rule 56 analysis, except for a footnote that says, accordance to Local Rule 56, the court only credits acts properly supported by specific and accurate record citation. We disregarded all argumentative and conclusive allegations. But how do we know from that that the court, in fact, made the right analysis? Because in other opinions, there is some discussion as to examples or facts that are not being admitted or not properly contested, but here it's not obvious in the opinion. Well, the standard of review is de novo. So this court has the opportunity to review all the motions and the evidence supplied by the parties. And I think when you review it, you will conclude, as the district court did, that there is no evidence that there was the reasons offered by Terumo were a pretext or there was any discriminatory or retaliatory animus against plaintiffs. So even if the district court did not do that specific analysis, we should have to do it now. That's what you're saying. We can do it de novo. Yes, because the standard of review is de novo. But I think even if you have the opportunity to do the review now, the district court did explain that it was not crediting allegations of the plaintiff, such as the comments that they say that Benitez admitted. The district court states that the comments were not admitted by Benitez and they were denied by Abigail Rodriguez, the HR professional. But it's not under a local Rule 56 analysis. It's basically on the merits. On the merits, yes. And that is my concern because when I look at your client's statement of facts and the response there, too, and then I believe you have a reply, yours is by the book. But we would probably have to go paragraph by paragraph or number by number and then determine what's admissible or what's admitted, what's not deemed not admitted, and then make the analysis again before we are able to either, again, affirm or reverse. Even though the district court didn't make a determination about Rule 56, we included a discussion in our appellee brief, and our contention is that a plaintiff or an appellant did not comply with Rule 56 because they just made references to narrations of the plaintiff's deposition and not to the entire evidence or to specific points of the evidence. If there are no questions, can I address the point? Please proceed. So the district court dismissed plaintiff's claim on summary judgment because the evidence shows that plaintiff was disrupting the work environment due to her disrespectful and abusive conduct towards her coworkers, not only her subordinates but also her peers and support personnel like the quality personnel. And she also had poor interpersonal and supervisory skills. She had constant mistakes related to documentation and the processes in this highly regulated industry, the pharmaceutical industry. And she also had several incidents that she admitted that clearly violated Terumo's policies, including menacing a coworker with violence and not informing that she had vomited in the clean room, which is a very strict policy in a pharmaceutical. The record demonstrates that those were the reasons why Terumo did not promote her and eventually terminate her. And they were not refuted in any way by plaintiff. Plaintiff only made reference to her own allegations, which were refuted by all the evidence. And in the appellant's brief, they are asking the court to disregard all the evidence that Terumo provided just because it is evidence that is in the hands of the employer, that the employee did not have the chance to produce. But there was one year of discovery. So if there was any evidence that would refute the reasons proffered by Terumo, plaintiff was able to obtain it in discovery. And there is no evidence that would refute Terumo's position. So for purposes of Rule 56, if we assume that the procedural rules were followed, we do have an admissible statement that Benitez made remarks, which, if correct, would evidence some animus based on gender. The only allegation that plaintiff presents regarding gender is that Benitez told her, allegedly told her, that he didn't like her because he didn't like women with strong character. But Lopez, the plaintiff, she admitted in her deposition that even though the complaint says that Benitez said that she had backbone and character, he never said those words. That was an interpretation that she made about him saying that she had to fix her interpersonal skills. So he only told her, you are not ready for a senior position, I don't see you in a senior position. And she thought that it was because she was a woman. And it wasn't because she was a woman, because Benitez has always worked with women. There is evidence in the record that shows that 50% of his direct reports are women. He was the one who hired her for the position, and plaintiff mentions a lot of times that she was the only supervisor that was a woman. But Benitez was the one who hired her, and all the other men that were in those positions were hired by the person who preceded Benitez. So he didn't have an animus against her. And in any case, even if he had said it, also plaintiff said that she took notes about everything that happened, and those comments are not in her notes. And some of the comments were allegedly mentioned with Abigail Rodriguez there. She is the human resources professional, and Abigail Rodriguez also says that he didn't say those comments. And even if he had said those comments, he was not the decision maker, because the decision about the senior position, the recruitment, was done by a person from the New Jersey offices. And it was not – he wasn't singling out this position. It was part of a restructure, because Terubo purchased the company from another company, so they were restructuring all the positions, and there were 11 positions that this person from New Jersey, Mike Gardner, was hiring for. So he did all these processes, and Benitez was only mentioned in the documents as hiring manager, because he was the supervisor of the area in which the person, the senior supervisor, would work. But he was not making any decision regarding the promotion. As well, regarding the termination, the decision was made by Vivian Perez, the human resources manager in Puerto Rico, and Jeff Dobbs, the human resources director in the U.S. And Benitez did not participate. He wasn't even – he was no longer plaintiff's supervisor when the decision was made, and he was only informed about it. He didn't put any input to it. If you have nothing more, I don't believe there are any questions for you. Thank you. At this time, if Attorney Frontero Tsao would please reintroduce himself on the record to begin. Attorney Juan Manuel Frontero Tsao for the appellant. It is part of the record and cited in Appendix 300, lines 8 to 11, that in that meeting with Benitez, Benitez told her, I treat you like this because I'm not used to dealing with women. I'm used to dealing with men. The day prior, Benitez – He didn't utter those particular words. This specific citation is from her deposition when attorney for defendants asked her specifically, what do you believe was discriminatory? And she states this specific citation with respect to what happened, what she believed was discriminatory, and she relates that – she relates this specific statement that was made by Benitez to her. It was not that she interpreted it or that she derived that from what Benitez said. This is what she told defendants, attorneys during her deposition. This is Appendix 300, lines 8 to 11. The day after that, Benitez signs the hiring documents for Mr. Falcón for the position that Lopez had requested to be requested as hiring manager. Terumo argues that he's signing that document as hiring manager does not – permits the inference that he had something to do with the decision, but that is a controversy of fact that for a jury to determine. These cases feel of controversy of facts. They denied what my client says, and there is documentation that Mr. Benitez participated in the process. And there is specific evidence from my client that Benitez told her that he was the one who was going to make the decision. Thank you. That concludes argument in this case.